IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA ANN WATERS, | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-05-3751 |
| v. | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se* and *in forma pauperis*, state inmate Teresa Ann Waters filed a habeas petition under 28 U.S.C. § 2254 challenging her 2003 state felony conviction. Respondent filed a motion for summary judgment (Docket Entry No. 16), to which petitioner filed a response (Docket Entry No. 17).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons shown below.

## I.   PROCEDURAL HISTORY

Petitioner pleaded guilty to aggravated sexual assault of a child under cause number 911,887 in the 338th District Court of Harris County, Texas, and was sentenced to ten years incarceration on February 7, 2003. Her direct appeal was dismissed for lack of jurisdiction. *Waters v. State*, No. 14-03-00183-CR (Tex. App. – Houston [14th Dist.] 2003, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review and denied state habeas relief without a written order on findings of the trial court.

Petitioner raises the following grounds for federal habeas relief:

(1)     an involuntary guilty plea;

(2)     a coerced confession and unlawful arrest;

(3)     *Brady* violations;

(4)     trial counsel's conflict of interest;

(5)     ineffective assistance of counsel;

(6)     denial of right to appeal;

(7)     denial of time credit on sentence;

(8)     an illegal sentence;

(9)     a defective and invalid indictment; and

(10)    insufficiency of the evidence.

Respondent argues that these issues fail as a matter of law.

## II.   THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief

cannot be granted on legal issues adjudicated on the merits in state court unless the state court

adjudication was contrary to or involved an unreasonable application of clearly established

federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05

(2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent

if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it

confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

3

## III.    **INVOLUNTARY GUILTY PLEA**

Petitioner complains that her guilty plea was involuntary because her trial attorney told her she would be sent to prison for life if convicted, and that she would "not stand a chance" a trial because of the evidence against her.  (Docket Entry No. 4.)

Because petitioner pleaded guilty, she may only challenge the voluntary character of her plea.  A defendant pleading guilty must be competent and must have notice of the nature of the charges against her.  The plea must be entered voluntarily and not be the product of actual or threatened physical harm or mental coercion overbearing the will of the defendant. Nor can the plea be the result of state-induced emotions so intense that the defendant was rendered unable to weigh rationally her options with the help of counsel. *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).  The defendant must understand the consequences of her plea, including the nature of the constitutional protections she is waiving.  *Id.*  Finally, the defendant must have available the advice of competent counsel which acts as a safeguard to ensure that pleas are voluntarily and intelligently made. *Id.*  If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

The record of the guilty plea in this case shows the following:

COURT:    Are you pleading guilty because you are guilty and for no other reason?

WATERS:    Yes, sir.

4

COURT: Has anybody threatened you, forced you, coerced you in any way to do this?

WATERS: No, sir.

(S.F. Vol. II, p. 4.)

COURT: Have you ever been treated for any type of mental disease or defect?

WATERS: No, sir.

COURT: Have you understood everything that has been gone over today between you and your attorney?

WATERS: Yes, sir.

COURT: Have you understood everything the Court has gone over with you?

WATERS: Yes, sir.

COURT: Do you have any questions of me?

WATERS: No, sir.

COURT: Counselor, have you had time to visit with your client?

DEFENSE COUNSEL: I have.

COURT: In your opinion, does she understand the nature and consequence of her plea?

DEFENSE COUNSEL: I believe she does.

COURT: I accept your plea, find that it is freely and voluntarily given.

(*Id.*, p. 5.)

In rejecting petitioner's claims of an involuntary guilty plea, the state habeas court made the following relevant findings:

3. The Court finds, based on the credible affidavit of [trial counsel], that [he] did not inform the applicant that if she did not plead guilty she would be sent to prison for life.

4. The Court finds, based on the credible affidavit of [trial counsel], that [he] did not encourage, coerce or induce applicant to plead guilty in the present case.

5. The Court finds, based on the credible affidavit of [trial counsel], that [he] fully informed the applicant of the nature of the charges against her and the consequences of her plea.

6. The Court finds, based on the credible affidavit of [trial counsel], that [he] discussed the evidence against applicant with applicant on several occasions.

10. The Court finds, based on the credible affidavit of [trial counsel], that applicant was competent, had sufficient ability to assist in her defense, had a reasonable degree of rational understanding, and a rational and factual understanding of the proceedings against her.

11. The Court finds, based on the credible affidavit of [trial counsel], that the applicant's plea was knowingly and voluntarily entered.

*Ex parte Waters*, pp. 192-93 (record citations omitted).

The state habeas court also made the following relevant conclusions of law:

4. The applicant fails to overcome the presumption of voluntariness of [her] plea created by the trial court records.

5. The applicant fails to show that her trial counsel's advice regarding her plea was unreasonable or that it rendered applicant's plea involuntary.

13.   In all things, the applicant has failed to demonstrate that her conviction was improperly obtained.

*Id.*, pp. 194-96 (record and case citations omitted).

The record shows that petitioner acknowledged her waiver of the full panoply of her constitutional rights on the determination of guilt or innocence, including her rights to a jury trial, to confront and cross-examine witnesses, to call witnesses in her own behalf, and to testify at trial. Petitioner stated on the record that she understood the nature of the charges against her and the range of punishment, that her guilty plea was freely and voluntarily made, and that she was not forced, coerced, or threatened into pleading guilty. She signed a judicial confession admitting the essential elements of the offense, and acknowledged her understanding of the lifelong requirement to register as a sex offender under state law. (S.F. Vol. II, pp. 3-9.)

Although petitioner's assertion of voluntariness at the time of her plea is not an absolute bar to her instant contrary contentions, it places a heavy burden upon her claim of involuntariness. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). Petitioner must show such a strong degree of misunderstanding, duress, or misrepresentation by others that her plea would become a constitutionally inadequate basis for imprisonment. *Id.* Although petitioner disagrees with trial counsel's affidavit testimony, this Court is bound by the credibility determinations made by the state habeas court, and must defer to the state court's factual findings unless petitioner presents clear and convincing evidence rebutting the

7

presumed correctness of the findings.  28 U.S.C. § 2254(e)(1).  *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).  This petitioner fails to do.

Moreover, petitioner fails to show as unreasonable counsel's professional assessment and judgment regarding the unlikelihood of petitioner's prevailing at trial.  To the extent petitioner claims that counsel failed to investigate an insanity defense, petitioner's own exhibits show that she was examined and found competent to stand trial.  (Docket Entry No. 1, Report of Dr. Karen K. Gollaher, p. 3, Impressions/Recommendations.)

The state court denied relief on petitioner's claim of an involuntary guilty plea. Petitioner fails to show that the state court's determinations were contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or were unreasonable determinations or applications of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

## IV.   COERCED CONFESSION AND UNLAWFUL ARREST

Petitioner complains that her fourth amendment rights were violated by an allegedly coerced confession and unlawful arrest.  These claims cannot be raised in a federal habeas petition when state law provided an opportunity for a full and fair litigation of the issue.  *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). When a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone* bars federal habeas consideration of that claim whether or not the defendant employed those processes.  *Craver v. Alabama*, 577 F.2d 1188, 1192 (5th

8

Cir. 1978). In absence of allegations and proof by a petitioner that "the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits," *Stone* forecloses review of fourth amendment issues. *Moreno*, 450 F.3d at 167. Because petitioner presents no such allegations and proof in the instant case, her fourth amendment grounds are barred. Respondent is entitled to summary judgment on these issues.

Petitioner additionally argues that her fifth amendment rights were violated by investigators and CPS in obtaining her allegedly coerced videotaped confession. In order to complain on appeal about the admissibility of a confession under Texas law, there must have been an objection in the trial court, and the objection must have called the attention of the trial court to the particular complaint raised on appeal. *Little v. State*, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988). Petitioner failed to raise this issue by a pretrial motion and failed to preserve the complaint for direct appeal. *See Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000). The state habeas court denied relief, finding that because petitioner "failed to raise on direct appeal her instant challenge to her confession, [she] is procedurally barred from raising the claim in the instant proceeding." *Ex parte Waters*, p. 194. To the extent petitioner's complaint is directed at her written stipulation of evidence admitted at the plea hearing, the record clearly shows that she informed the trial court she had no objections to the exhibit. (S.F. II, p. 7.)

On habeas review, a federal court may not review a claim for the denial of a federal right if the last state court to consider the claim expressly based its denial of relief on an independent and adequate state law ground. *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001). To satisfy the "independent" and "adequate" requirements, the dismissal must clearly and expressly indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts and applied to the majority of similar claims. A procedural default will be excused only if the inmate can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or if the default would work a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). Petitioner here does not argue, much less demonstrate, prejudice or cause for the default, and fails to provide any record support, much less clear and convincing evidence, for her contentions. *See* 28 U.S.C. § 2254(e)(1).

The state court denied relief on these issues. Petitioner fails to show that the state court's determinations were contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or were unreasonable determinations or applications of the facts based on the evidence in the record. Respondent is entitled to summary judgment on these issues.

## V.   ***BRADY* VIOLATIONS**

Petitioner claims that the prosecution deliberately withheld exculpatory evidence of her innocence. The state habeas court rejected this argument. *Ex parte Waters*, p. 195. The Texas Court of Criminal Appeals relied on the state trial court's findings in denying habeas relief.

The Fifth Circuit recognizes that the Supreme Court has yet to hold that a prosecutor's failure to disclose exculpatory information prior to entry of a guilty plea constitutes a *Brady* violation. *See Matthew v. Johnson*, 201 F.3d 353, 366 (5th Cir. 2000). Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or was an unreasonable determination or application of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

## VI.   **COUNSEL'S CONFLICT OF INTEREST**

Petitioner claims that trial counsel had a conflict of interest in representing her because of his prior work with the Harris County District Attorney's Office. She further claims that he actively interviewed witnesses and gathered evidence against her while working as a prosecutor prior to petitioner's arrest.

In rejecting this claim, the state habeas court made the following relevant findings:

1. The Court finds that the facts asserted in the affidavit of [trial counsel] are true and that [his affidavit] is credible.

2. The Court finds, based on the credible affidavit of [trial counsel] and official court records, that [counsel] represented the applicant in the primary case, cause

11

number 911887, on the charge of aggravated sexual assault of a child in the 338th District Court of Harris County, Texas.

8.      The Court finds, based on the credible affidavit of [counsel], that [he] never assisted the District Attorney's office in investigating applicant.

*Ex parte Waters*, pp. 192-93 (record citations omitted). The state court concluded that, "The applicant fails to allege sufficient facts which, if true, would show that her trial counsel had a conflict of interest." *Id.*, p. 194 (citation omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

A careful review of the record fails to reveal any probative summary judgment evidence that trial counsel had a conflict of interest in representing petitioner because of his prior work with the Harris County District Attorney's Office. Petitioner did not controvert trial counsel's testimony that he left the District Attorney's Office in 1983 to enter private practice, well before the events in this case, and had never assisted the prosecution in investigating or gathering evidence in petitioner's case. *Id.*, p. 65. Petitioner's conclusory allegations are unsupported by the record and fail to raise a genuine issue of material fact precluding summary judgment.

Petitioner fails to show that the state court's determinations were contrary to or involved unreasonable applications of established federal law as determined by the Supreme Court, or were unreasonable determinations or application of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

12

## VII.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner claims that counsel was ineffective in

      (a)     failing to defend petitioner with all the resources available to him;

      (b)     failing to follow petitioner's directions;

      (c)     failing to challenge the grand jury indictment;

      (d)     failing to produce all of the alleged damaging evidence for petitioner's use in evaluating a guilty plea;

      (e)     failing to exclude damaging evidence at trial;

      (f)     failing to call defense witnesses;

      (g)     failing to produce known exculpatory evidence;

      (h)     failing to object to certain trial evidence;

      (i)     failing to appeal an unconstitutionally high bond; and

      (j)     failing to request experts and to request a mental examination of petitioner.

In denying relief on these issues, the state habeas court made the following relevant findings:

    1.     The Court finds that the facts asserted in the affidavit of [trial counsel] are true and that [his affidavit] is credible.

    6.     The Court finds, based on the credible affidavit of [trial counsel], that [he] discussed the evidence against applicant with applicant on several occasions.

*Ex parte Waters*, pp. 192, 195.  The state habeas court also concluded that

13

6.   The applicant fails to show in all things that trial counsel's conduct fell
below an objective standard of reasonableness and that, but for counsel's
alleged deficient conduct, there is a reasonable probability that the result
of the proceeding would have been different.

*Id.*, p. 195.

A guilty plea represents a break in the chain of events which preceded it in the criminal

process. Once a guilty plea has been entered, all non-jurisdictional defects in the proceedings

are waived, except claims of ineffective assistance of counsel relating to the knowing and

voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

When a defendant solemnly admits in open court that she is in fact guilty of the offense with

which she is charged, she may not thereafter raise independent claims relating to the

deprivation of constitutional rights that occurred prior to the entry of the guilty plea. She may

only attack the voluntary and intelligent character of the guilty plea by showing that counsel's

advice fell below the range of competence demanded of an attorney in a criminal case. She

further must show prejudice by establishing that but for counsel's alleged erroneous advice,

she would not have pleaded guilty but would have insisted upon going to trial. This

assessment will turn partially on "a prediction of what the outcome of a trial might have been."

*Ward v. Dretke*,  420 F.3d 479, 487 (5th Cir. 2005). For this reason, and to the extent her

complaints arise from events occurring prior to the entry of her guilty plea, all of her

arguments were waived by her voluntary plea of guilty.

14

Further, petitioner fails to present probative evidence showing that but for counsel's alleged deficiencies, she would not have pleaded guilty and would have proceeded to trial. As testified by counsel in his affidavit, the prosecutor's file for petitioner's case "contained letters that purported to be from Applicant to the complaining witness where she professed her love to him and her need for maintaining their relationship to the exclusion of relationships with anyone else for either of them." *Ex parte Waters*, p. 56. According to counsel, petitioner "said that she had admitted having sexual intercourse with [complainant], but she didn't force him. I, again, explained to her that a child, under the age of 14, under Texas law, cannot give consent for sexual relations." *Id.*, p. 57. Counsel further testified that

> Applicant initially told me she had not had sexual intercourse with the complainant. However, shortly after I read her my notes from the DA's file concerning her case and reviewed the contents of the letters she'd written to the complainant, she admitted she committed the offense, but, initially, felt it wasn't wrong because they 'loved' each other and because the complainant was the one who instigated the sexual relations, not her.

*Id.*, p. 65. The record does not support petitioner's claim that but for counsel's alleged deficiencies, she would not have pleaded guilty and would have insisted on going to trial. *See Ward*, 420 F.3d at 487. Nor does petitioner present probative summary judgment evidence that counsel's advice was unreasonable.

Where ineffective assistance of counsel is alleged during the punishment phase of a non-capital case, a petitioner must demonstrate that the sentence she received would have been "significantly less harsh" but for the deficient performance of counsel. *Daniel v. Cockrell*, 283

15

F.3d 697, 706 (5th Cir. 2001). Petitioner complains that counsel failed to present mitigating evidence or call defense witnesses at the punishment hearing. Petitioner fails to identify the people she wanted to have testify at the punishment hearing, does not provide any affidavits from witnesses regarding their proposed favorable testimony, and does not show that the witnesses were available for trial. Nor does she present probative evidence of any omitted mitigating evidence that would have resulted in a significantly less harsh punishment. Petitioner's conclusory speculation falls far short of the prima facie showing of prejudice necessary to show ineffective assistance of counsel. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *Spriggs v. Collins*, 993 F.3d 85, 88-89 (5th Cir. 1993).

The state habeas courts denied relief on petitioner's ineffective assistance of counsel claims. Petitioner fails to show that the state court's determinations were contrary to or involved an unreasonable application of *Strickland* or were unreasonable determinations of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

## VIII.   <u>DENIAL OF RIGHT TO APPEAL</u>

Petitioner claims that because trial counsel failed to provide his file to appellate counsel, her appeal was denied for lack of jurisdiction. She further complains that she was denied her constitutional right to appeal.

A review of the state appellate court opinion issued in petitioner's direct appeal shows that her appeal was dismissed pursuant to Texas Rules of Appellate Procedure Rule 25.2(a)(2).

Under that rule, petitioner could appeal only those matters raised by written motion filed and ruled on prior to the guilty plea, or if the trial court gave her permission to appeal. *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App. – Houston [14th Dist.] 2003, pet. ref'd). The state court found none of those exceptions applicable in petitioner's case, and dismissed her appeal under state procedural law. Petitioner fails to show that the denial or limitation of a right to appeal following a guilty plea violated her federal constitutional rights, or that she was prejudiced by any failure of counsel to provide his file to appellate counsel.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or was an unreasonable determination or application of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

## IX.   DENIAL OF TIME CREDIT ON SENTENCE

Under this ground, petitioner alleges that she was denied "two for one" time credit on her sentence for time spent in Harris County Jail before and after her conviction. She claims that her right to such time credit is provided by art. 42.03 of the Texas Code of Criminal Procedure.

In rejecting this claim, the state habeas court found that, "The applicant fails to allege sufficient facts which, if true, would show that she was improperly denied [two for one] good time credit." *Ex parte Waters*, p. 195 (citation omitted). The Texas Court of Criminal Appeals

17

relied on this finding in denying habeas relief.  Further, the Texas Department of Criminal Justice considered petitioner's time credit dispute resolution request, and found no error in the State's calculation of her time credit.  (Docket Entry No. 17, p. 14.)  A careful review of the record fails to reveal any probative evidence that petitioner was denied time credit on her sentence.  Petitioner's conclusory allegations are insufficient to raise a genuine issue of material fact precluding summary judgment on this claim.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or was an unreasonable determination or application of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

## X.    ILLEGAL SENTENCE

Under this issue, petitioner claims that her sentence is illegal because she did not have effective assistance of counsel and all the evidence was not produced prior to her decision to plead guilty.  (Docket Entry No. 1, p. 7.)  To the extent petitioner is reurging the involuntariness of her guilty plea or ineffective assistance of counsel, those issues have been resolved against her.  Nor does a careful review of the record reveal any probative evidence that the trial court did not have all of the material and relevant facts and evidence prior to sentencing petitioner.  A presentence investigation was prepared and reviewed by the trial court prior to sentencing, (Docket Entry No. 1, p. 21), and trial counsel submitted a binder of

exhibits for the trial court's consideration at punishment. *Ex parte Waters*, p. 63. Petitioner's conclusory allegations of omitted information are unsupported by the record and insufficient to raise a genuine issue of material fact precluding summary judgment.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or was an unreasonable determination or application of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

## XI.   DEFECTIVE AND INVALID INDICTMENT

Petitioner argues that her indictment was defective because of the invalidity of her videotaped confession to CPS and factual differences between the evidence presented to the grand jury and the CPS confession. The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment was so defective that it deprived the state court of jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). Petitioner neither argues nor demonstrates that the trial court was without jurisdiction, and no grounds for federal habeas relief are shown. At its core, petitioner's claim only raises a question regarding state law. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). Federal habeas courts do not sit to review mere errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).

Moreover, the state habeas court rejected petitioner's argument because "Applicant cannot challenge her indictment through habeas because a pre-trial motion to quash was never filed." *Ex parte Waters*, p. 195 (citation omitted).  On habeas review, a federal court may not review a claim for the denial of a federal right if the last state court to consider the claim expressly based its denial of relief on an independent and adequate state law ground. *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).  A procedural default will be excused if the inmate can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or if the default would work a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004).  Petitioner does not argue, much less demonstrate, prejudice or cause for the default.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or was an unreasonable determination or application of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

## XII.   INSUFFICIENCY OF THE EVIDENCE

Petitioner complains that she was convicted without the admission of actual physical evidence supporting the offense, without witnesses called in her defense, and without the testimony of the complainant himself.  (Docket Entry No. 1, p. 7.)  All of these complaints were waived by petitioner's guilty plea.  The federal constitution does not require that any

20

evidence be offered to support a state court guilty plea. *Matthew v. Johnson*, 201 F.3d 353, 368 (5th Cir. 2000). Regardless, petitioner signed a judicial stipulation of evidence admitting the essential elements of the offense, and was admonished by the trial court as follows:

> COURT:     You understand by signing these documents essentially what you are doing is signing a confession stating you've done what the State is accusing you of?
>
> WATERS:    Yes, sir.
>
> COURT:     Do you have any objections to them offering this document into evidence?
>
> WATERS:    No, sir.
>
> DEFENSE COUNSEL:     We have none, your Honor.

(S.F. Vol. II, p. 7.) Based on this stipulation, the evidence, and the plea, the trial court found the evidence sufficient to find petitioner guilty of aggravated sexual assault of a child. (*Id.*, p. 8.) Petitioner fails to adduce any probative evidence, much less clear and convincing evidence, to rebut that finding. Petitioner's insufficiency of the evidence claims fail to raise a cognizable federal habeas issue, and respondent is entitled to summary judgment on this issue.

## XIII.   CONCLUSION

The motion for summary judgment (Docket Entry No. 16) is **GRANTED**. The petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. Any and

all pending motions are **DENIED AS MOOT**.  Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the ___ day of January, 2007.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

22